995 So.2d 1182 (2008)
STATE of Florida, Appellant,
v.
Steven Watson JOSEPH, Appellee.
No. 2D07-4741.
District Court of Appeal of Florida, Second District.
December 19, 2008.
Bill McCollum, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellant.
Gil Colón, Jr., of The Law Offices of Colón & López, P.A., Bartow, for Appellee.
CASANUEVA, Judge.
The State appeals the solitary issue of the trial court's withhold of adjudication on Steven Watson Joseph's conviction for armed robbery with a firearm. We reverse and remand for further proceedings.
Mr. Joseph entered an open guilty plea to one count of armed robbery with a deadly weapon, a firearm, in violation of section 812.13(2)(a), Florida Statutes (2006). That offense is a first-degree felony punishable by life imprisonment. Id. The trial court chose to withhold adjudication and imposed a fifteen-year term of probation. Mr. Joseph concedes, and we agree, that the withhold of adjudication was error.
Section 775.08435(1)(a) provides that a trial court may not withhold adjudication of guilt for "[a]ny capital, life, or first degree felony offense." Accordingly, we reverse the trial court's withhold of adjudication and remand for an adjudication of *1183 guilt. Because this is the only issue we address on appeal, the trial court may not change any other aspect of Mr. Joseph's conviction and sentence.
Ordinarily, the defendant would not need to be present on remand because the statute mandates adjudication of guilt and the trial court is without discretion. In this case, because it appears that Mr. Joseph is currently on probation, the trial court should afford him the opportunity to be present if he so chooses.
Reversed and remanded.
WHATLEY and WALLACE, JJ., Concur.